SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED
Civil Clerk's Office
APR 0 8 2015
Superior Court of the
District of Columbia
Washington, D.C.

MONTGOMERY BLAIR SIBLEY,
402 KING FARM BOULEVARD, SUITE 125-145,
ROCKVILLE, MARYLAND 20850,
(202-643-7232),

      PLAINTIFF,

VS.

THE HONORABLE MITCH MCCONNELL,
SOLELY IN HIS CAPACITY AS MAJORITY LEADER
OF THE SENATE,
UNITED STATES SENATE,
317 RUSSELL SENATE OFFICE BUILDING,
WASHINGTON, D.C. 20510-1702.

AND

THE HONORABLE JOHN A. BOEHNER,
SOLELY IN HIS CAPACITY AS SPEAKER OF THE
UNITED STATES HOUSE OF REPRESENTATIVES,
UNITED STATES HOUSE OF REPRESENTATIVES,
1011 LONGWORTH HOUSE OFFICE BUILDING,
WASHINGTON, D.C. 20515-3508,

      DEFENDANTS.
_____/

Case. No.:

COMPLAINT FOR DECLARATORY
JUDGMENT AND MANDAMUS

ADVISORY JURY TRIAL REQUESTED

15-0002442

Plaintiff, Montgomery Blair Sibley ("Sibley"), sues Defendants, the Honorable Mitch McConnell and the Honorable John A. Boehner, and alleges as follows:

INTRODUCTION

By this suit, Sibley seeks:

    (i)    A Declaratory Judgment that Sibley has the right, possessed by every United States Citizen, to require that the federal government be administered according

1

to law; and

(ii) A Declaratory Judgment that Applications to Congress have been made by the Legislatures of two-thirds of the several States for a Convention for Proposing Amendments to the United States Constitution thereby obligating Congress to Call such a Convention which, to date, Congress has failed to call; and

(iii) A Writ of Mandamus directing Congress to carry out the affirmative action of Calling for a Convention for Proposing Amendments to the United States Constitution.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the provisions of District of Columbia Statutes, §11-921.

2. Venue in this Court is proper under as a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Columbia.

## PARTIES

3. Plaintiff, Montgomery Blair Sibley, is a Citizen of the United States.

4. The Honorable Mitch McConnell is presently the Majority Leader of the United States Senate and is sued solely in that capacity.

5. The Honorable John A. Boehner is presently the Speaker of the United States House of Representatives and is sued solely in that capacity.

## FIRST CLAIM
## DECLARATORY RELIEF

6. The United States Supreme Court in *Fairchild v. Hughes*, 258 U.S. 126, 130 (1922) affirmed that Sibley, as a Citizen of the United States, possess the general right: "to require that the

Government be administered according to law. . . .". Moreover, Sibley maintains that under the implied covenant in the social compact which is the United States Constitution, he additionally possess such general right for to hold otherwise would be absurd. Finally, Sibley additionally maintains that this general right was expressly reserved unto him by the Ninth and Tenth Amendments to the United States Constitution.

WHEREFORE, Sibley respectfully requests that this Court:

A. Assume jurisdiction of this action;

B. Declare that, notwithstanding the holding of *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) and its noxious progeny which by judicial fiat declared that when government actors administer the government contrary to law that citizens do not have "standing" to "require" that the "Government be administered according to law", Sibley in this instance still possesses that "general right" as expressly recognized in *Fairchild v. Hughes* and retained though action of the Constitution and the Ninth and Tenth Amendments.

C. Retain jurisdiction of this matter to enforce this declaratory degree if subsequently violated by Defendants; and

D. Enter such other and further relief as the Court deems just and proper.

### SECOND CLAIM
### DECLARATORY RELIEF

7. At least thirty-five (35) states have now made an "Application" pursuant to Article V of the United States Constitution for a "Convention for proposing Amendments" A list of those states with references to their respective "Applications" is attached as Exhibit "A" hereto. Accordingly, the ministerial duty imposed on Congress to call for such a Convention has been

3

triggered.

8. On March 5, 2015, Sibley wrote Defendants the Honorable Mitch McConnell and the Honorable John A. Boehner a letter indicating that (35) states have now made an "Application" pursuant to Article V of the United States Constitution for a "Convention for proposing Amendments" and demanding that they make such a "call". A copy of that letter is attached as Exhibit "B" hereto. Despise confirmation from the United States Postal Service of delivery of the March 5, 2015, letter, to date Sibley has not received any response to that letter from either of the Defendants nor have they made any such "call".

WHEREFORE, Sibley respectfully requests that this Court:

A. Assume jurisdiction of this action;

B. Declare that: (i) two-thirds of the several states have called for a Convention to Propose Amendments and (ii) that Congress has failed to "call" for such a Convention;

C. Retain jurisdiction of this matter to enforce its declaratory degree if subsequently violated by Defendants; and

D. Enter such other and further relief as the Court deems just and proper.

### THIRD CLAIM
### MANDAMUS

9. As a court established by Act of Congress, this Court is empowered to issue Writs of Mandamus by the All Writs Act found at 28 U.S.C. §1651(a): "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." A Writ of Mandamus: "...orders a person...to carry out some affirmative action." *In re Grant*, 635 F.3d 1227 (D.C. Cir. 2011).

4

10. In *United States v. Sprague*, 282 U.S. 716 (1931) the Supreme Court unequivocally stated: "[A]rticle 5 is clear in statement and in meaning, contains no ambiguity and calls for no resort to rules of construction. . . . It provides two methods for proposing amendments. Congress may propose them by a vote of two-thirds of both houses, or, on the application of the legislatures of two-thirds of the States, must call a convention to propose them."

11. Here, Congress has the duty to carry out the affirmative action of "calling" a Convention to Propose Amendments but has <u>refused</u> to do so.

WHEREFORE, Sibley respectfully requests that this Court:

A. Assume jurisdiction of this action;

B. Issue its Writ of Mandamus to compel the Defendants to carry out their duty by "calling" a Convention to Propose Amendments;

C. Retain jurisdiction of this matter to enforce its Writ of Mandamus in this regard if subsequently violated by Defendants; and

D. Enter such other and further relief as the Court deems just and proper.

>MONTGOMERY BLAIR SIBLEY
>Plaintiff
>402 King Farm Blvd, Suite 125-145
>Rockville, Maryland, 20850
>202-643-7232

By: _____
  Montgomery Blair Sibley

Exhibit "A"

| Number | State | Exhibit Page # | Authority for Article V Convention Call |
|---|---|---|---|
| 1 | Alabama | 1 | 113 CONG. REC. 10,117-18 (1967). |
| 2 | Alaska | 3 | ALASKA SENATE JOINT RESOLUTION NO. 18 |
| 3 | Arkansas | 4 | 121 CONG. REC. 11,218 (1975). |
| 4 | California | 5 | 98 CONG. REC. 4003-04 (1952). |
| 5 | Colorado | 7 | 113 CONG. REC. 18,007 (1967) |
| 6 | Connecticut | 8 | 104 CONG. REC. 8085-86 (1958). |
| 7 | Delaware | 10 | 124 CONG. REC. 19,683 (1978). |
| 8 | Florida | 11 | 115 CONG. REC. 24,116 (1969). |
| 9 | Georgia | 12 | GEORGIA HOUSE RESOLUTION 1215 |
| 10 | Idaho | 14 | 111 CONG. REC. 1437-38 |
| 11 | Indiana | 16 | 122 CONG. REC. 931 (1976). |
| 12 | Iowa | 17,18 | 115 CONG. REC. 12,249 (1969); 44 CONG. REC. 1620 (1909). |

| | | | |
|---|---|---|---|
| 13 | Kansas | 19 | 97 CONG. REC. 2936 (1951). |
| 14 | Kentucky | 20 | 121 CONG. REC. 27,821 (1975). |
| 15 | Maine | 21 | 46 CONG. REC. 4280 (1911). |
| 16 | Maryland | 22 | 111 CONG. REC. 5820 (1965). |
| 17 | Massachusetts | 23 | 123 CONG. REC. 22,002 (1977). |
| 18 | Michigan | 24, 25 | 89 CONG. REC. 2944 (1943); 87 CONG. REC. 8904 (1941). |
| 19 | Minnesota | 26 | 34 CONG. REC. 2560 (1901). |
| 20 | Mississippi | 27-28 | 125 CONG. REC. 2111-12 (1979) |
| 21 | Missouri | 29 | 121 CONG. REC. 12,867 (1975). |
| 22 | Nebraska | 30 | 111 CONG. REC. 24,723 (1965) |
| 23 | Nevada | 31 | 121 CONG. REC. 19,117 (1975) |
| 24 | New Jersey | 32 | 119 CONG. REC. 11,446 (1973); |
| 25 | New Mexico | 33 | 112 CONG. REC. 199 (1966). |
| 26 | New York | 34 | 40 CONG. REC. 4551 (1906). |
| 27 | North Carolina | 35 | 45 CONG. REC. 7117 (1910). |

| # | State | Ref | Citation |
|---|---|---|---|
| 28 | Ohio | 36 | 111 CONG. REC. 25,237 (1965) |
| 29 | Oregon | 37 | 84 CONG. REC. 985 (1939). |
| 30 | Pennsylvania | 38 | 89 CONG. REC. 8220 (1943). |
| 31 | Texas | 39 | 113 CONG. REC. 17,634 (1967). |
| 32 | Vermont | 40 | 49 CONG. REC. 1433 (1913) [1912]. |
| 33 | Washington | 41 | 109 CONG. REC. 5867 (1963). |
| 34 | West Virginia | 42-43 | 1907 W. Va. Acts 433-34. |
| 35 | Wisconsin | 44 | 109 CONG. REC. 14,808 (1963). |
| | Total States Calling for Article V Convention | 35 | Sources: A General Theory of Article V: The Constitutional Lessons of the Twenty-seventh Amendment, 103 Yale L.J. 677 (1993); How to count to thirty-four: the constitutional case for a constitutional convention, Harvard Journal of Law & Public Policy, Jun 22, 2011; both by Michael Stokes Paulsen |
| | Retreived from: www.MontgomeryBlairSibley.com/ArticleV.html | | |

# MONTGOMERY BLAIR SIBLEY

March 5, 2015

Via USPS Signature Confirmation
The Honorable Mitch McConnell
United States Senate
317 Russell Senate Office Building
Washington, D.C. 20510-1702

Via USPS Signature Confirmation
The Honorable John A. Boehner
United States House of Representatives
1011 Longworth House Office Building
Washington, D.C. 20515-3508

Re: *Your Article V obligation to "call a convention for proposing amendments"*

Greetings:

I write to exercise "the right, possessed by every citizen, to require that the Government be administered according to law. . . ." *Fairchild v. Hughes*, 258 U.S. 126, 130 (1922). In particular, that you see that Congress promptly discharges its duty to call an Article V convention to propose amendments to the Constitution.

As you both well know, Article V of the Constitution states in pertinent part: "The Congress . . . on the Application of the Legislatures of two thirds of the several States, shall call a Convention for proposing Amendments, which, in either Case, shall be valid to all Intents and Purposes, as part of this Constitution, when ratified by the Legislatures of three fourths of the several States, or by Conventions in three fourths thereof, as the one or the other Mode of Ratification may be proposed by the Congress." Your attention is respectfully drawn to the decision in *United States v. Sprague*, 282 U.S. 716 (1931) in which the Supreme Court unequivocally stated: "[A]rticle 5 is clear in statement and in meaning, contains no ambiguity and calls for no resort to rules of construction. . . . It provides two methods for proposing amendments. Congress may propose them by a vote of two-thirds of both houses, or, on the application of the legislatures of two-thirds of the States, **must call a convention to propose them**." (Emphasis added). The math is simple: 50 states*.66% = 34 states needed to "call a Convention".

I write first to inform that in fact thirty-five (35) states have now made the "Application" for a such a Convention and thus Congress is <u>obligated</u> to discharge its

MontyBSibley@gmail.com
202-643-7232

402 King Farm Blvd, Suite 125/145
Rockville, Maryland 20850

Exhibit "B"

The Honorable Mitch McConnell
The Honorable John A. Boehner
March 5, 2015
Page 2

Constituitonally-imposed ministerial duty to "call" such a Convention. A list of those states with reproduced copies of their respective "Applications" is enclosed.

    Hence, upon your Article VI "oath or affirmation, to support this Constitution", you are <u>now</u> obligated to make the "call". I trust you will. However, pleased be advised that your <u>failure</u> to make the "call" on or before April 15, 2015, will result in the filing by several different state officials of a Supreme Court Rule 17, Motion for Leave to File an Original Jurisdiction Action pursuant to 28 U.S. Code § 1251(b)(2) seeking a Writ of Mandamus to command Congress to perform the ministerial act of making the "call" that Article V recognizes as an absolute duty. I hope and trust that such an Action will not be necessary.

    I close by reminding that no less than George Mason, a Virginia delegate to the Constitutional Convention, said that without providing the states a means of amending the document, "no amendments of the proper kind would ever be obtained by the people, if the [national] Government should become oppressive."

    I would expect the courtesy of an acknowledgment of your receipt of this letter. Of course, I am available to discuss this matter further.

yours,

*[signature]*

MontyBSibley@gmail.com
202-643-7232

402 King Farm Blvd, Suite 125/145
Rockville, Maryland 20850